**Richard C. LENOIR, Plaintiff,**

v.

**Robert W. TANNEHILL and Creative Controllers, Incorporated, Defendants.**

**Civ. A. No. S85–0953(NG).**

United States District Court, S.D. Mississippi, S.D.

July 18, 1986.

---

Bobby G. O'Barr, Stanton J. Fountain, Jr., Biloxi, Miss., G. Hamp Uzzelle, III, Helen J. Alford, Mobile, Ala., for plaintiff.

Charles K. Reasonover, Matt J. Farley, James G. Wyly, New Orleans, La., Terry R. Levy, Brenda B. Bethany, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

GEX, District Judge.

Plaintiff, Richard C. Lenoir, has brought a Rule 12 Motion to dismiss a counterclaim asserted by Defendants, Robert W. Tannehill and Creative Controllers, Incorporated, in the above styled action.

The facts significant to the disposition of this Motion are quite simple. Richard Lenoir filed a Complaint against Tannehill and Creative Controllers, Inc., alleging breach of fiduciary duty, breach of contract, and fraud. In response to Lenoir's Complaint, Defendants filed a Counterclaim. Count One of Defendants' Counterclaim alleges that Plaintiff's suit is frivolous and that Rule 11 sanctions should be imposed. Count Two alleges defamation based on "the allegations of the Complaint, and other statements made by Plaintiff to other individuals".

Being of the opinion that Plaintiff/Counterclaim Defendant Lenoir has properly moved to dismiss the asserted counterclaims, the Court sets forth the following legal conclusions in support of its Order granting Lenoir's Motion to Dismiss.

### I. Count One: Claim for Rule 11 Sanctions

The Defendants' attempt to assert Rule 11 as a Counterclaim raises a question of first impression before the Court. Federal Rules of Civil Procedure Rule 11 provides in relevant part that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except with otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, *upon motion or upon its own initiative*, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.... (emphasis added).

The advisory committee's notes to Rule 11 adds:

> The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated

that *in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation,* and in the case of motions at the time when the motion is decided or shortly thereafter.... (emphasis added).

It appears clearly beyond question that Rule 11 by its express terms only permits an attorney procedurally to raise a claim for sanctions through a motion. Defendants' request for sanctions is not permitted at this juncture in the litigation under the rule.

■ Further, even if Rule 11 were silent with respect to the time and manner in which a party should seek sanctions, Defendants/Counterplaintiffs' Rule 11 Counterclaim would have to be dismissed for failure to state a claim upon which relief could be granted.

Federal Rules of Civil Procedure, Rule 8(a) requires of one attempting to assert a Counterclaim that they set forth in their pleading (1) a short and precise statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. It seems that Defendants/Counterplaintiffs are pressing the theory that Rule 11 has created a bad faith type tort claim in favor of a party who has been subjected to frivolous harassing or vexatious litigation. The Court declines to embrace Defendants/Counterplaintiffs' vision of the reach of Rule 11.

The advisory committee expressly stated their intent not to create spin-off litigation under Rule 11. The committee particularly limited discovery in a Rule 11 sanctions request such that it may be had "only by leave of court, and then only in extraordinary circumstances." *See* Federal Rules of Civil Procedure, Rule 11, advisory committee note; 5 C. Wright, A. Miller & A. Kane, *Federal Practice and Procedure,* Section 1334 (Supp.1986). The drafters' intent to avoid satellite litigation coupled with their explicit policy against discovery in sanctions matters is strong inferential proof that Rule 11 was not adopted to be used as a seedling which, with a little fertilization by creative legal minds, would grow into a hybrid of the bad faith tort. If the drafters had wished to permit a demand for sanctions to be raised as a counterclaim, surely discovery would have remained uncurtailed as it is in the typical civil claim asserted in a complaint, counterclaim, crossclaim, or third-party claim under the Federal Rules of Civil Procedure.

## II. Count Two: Defamation

The Defendants/Counterplaintiffs' claim that "the allegations of the Complaint, and other statements made by Plaintiff to other individuals, constitute defamation, slander and libel against each and both of the Defendants" and said statements were made with actual malice.

■ With respect to the allegations in the Complaint filed by Plaintiff/Counterdefendant, Mississippi law is clear that Defendants cannot maintain an action for defamation based on those statements set forth in Plaintiff's Complaint.

> It is well established that statements made in connection with judicial proceedings, including pleadings, are, if any way relevant to the subject matter of the action, absolutely privileged and immune from attach as defamation, even if such statements are made maliciously and with knowledge of their falsehood.

*Hyde Construction Co., Inc. v. Koehring Co.,* 387 F.Supp. 702, 720–21, n. 35 (S.D. Miss.1974), *rev'd in part on other grounds,* 546 F.2d 1193.

Defendants/Counterplaintiffs also assert a claim for defamation based on "other statements made by Plaintiff to other individuals" under Count II.

Section 11–7–53 of the Mississippi Code reads in part:

> In actions for libel or slander, the plaintiff may aver that the words or matter complained of were used in a defamatory sense, specifying such sense, with-

out any prefatory averment to show how such words or matter were used in that sense [or] [in] here the words or matter set forth, with or without the alleged meaning, show a cause of action, the declaration shall be sufficient.

Miss. Code Ann. Section 11–7–53 (1972).

Defendants/Counterplaintiffs are required under the statute to plead the "words or matter" constituting the alleged defamation. *See Valley Dry Goods Co. v. Buford,* 114 Miss. 414, 75 So. 252, 254 (1917) (pleader must allege the words or synonymous words which constitute the slander); *cf. Asay v. Hallmark Cards, Inc.,* 594 F.2d 692, 699 (8th Cir.1979) (use of *in haec verba* pleadings on defamation charges preferred in federal courts to facilitate responsive pleadings). The Defendants/Counterplaintiffs' allegations of defamation fall far short of this pleadings requisite.

For the hereinabove stated reasons, it is the Court's opinion that the Defendants' Counterclaim must be dismissed in toto. A separate Order will be issued accordingly.