# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00617-SCT

*3M COMPANY f/k/a MINNESOTA MINING*
*AND MANUFACTURING COMPANY, ET AL.*

*v.*

*LETHA C. GLASS, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | W. WAYNE DRINKWATER, JR. |
| | MARGARET OERTLING CUPPLES |
| | CHERI D. GREEN |
| | JAMES ALTUS MCCULLOUGH |
| | KACEY LEIGH KEETON |
| | DAVID FRIEDERICH MARION |
| | WALKER (BILL) JONES, III |
| | CHARLES STEPHEN STACK, JR. |
| | W. BRUCE WILLIAMS |
| | KATRINA MAY HALL |
| | THOMAS W. TYNER |
| | GRAYSON RANDOLPH LEWIS |
| | JAMES P. STREETMAN, III |
| | CHARLES R. WILBANKS, JR. |
| | CLYDE LAVEL NICHOLS, III |
| | BLAYNE THOMAS INGRAM |
| | WALTER C. MORRISON |
| | PATRICK R. BUCHANAN |
| | W. MARK EDWARDS |
| | RONALD G. PERESICH |
| | PATRICIA ANN DICKE |
| | MEADE W. MITCHELL |
| | PHIL B. ABERNETHY |
| | ALBEN NORRIS HOPKINS |
| | MARIANO JAVIER BARVIE' |
| | VINCENT RICHARD ALMERICO |
| | PAIGE CRAIG JONES |

|                              |                              |
|------------------------------|------------------------------|
|                              | JOHN W. ROBINSON             |
|                              | KYLE STUART MORAN            |
|                              | EDWIN S. GAULT, JR.          |
|                              | BRANDY LENEE FAUGHT          |
| ATTORNEYS FOR APPELLEES:     | STEPHEN W. MULLINS           |
|                              | ALWYN H. LUCKEY              |
|                              | HARVEY W. BARTON             |
|                              | SKIP EDWARD LYNCH            |
| NATURE OF THE CASE:          | CIVIL - OTHER                |
| DISPOSITION:                 | REVERSED AND REMANDED - 12/15/2005 |
| MOTION FOR REHEARING FILED:  |                              |
| MANDATE ISSUED:              |                              |

**CONSOLIDATED WITH**

**NO. 2003-IA-00476-SCT**

*3M COMPANY f/k/a MINNESOTA MINING AND
MANUFACTURING COMPANY, ET AL.*

*v.*

*CHARLES H. GREEN, ET AL.*

|                              |                              |
|------------------------------|------------------------------|
| DATE OF JUDGMENT:            | 03/03/2003                   |
| TRIAL JUDGE:                 | HON. LAMAR PICKARD           |
| COURT FROM WHICH APPEALED:   | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS:    | W. WAYNE DRINKWATER, JR.     |
|                              | MARGARET OERTLING CUPPLES    |
|                              | CHERI D. GREEN               |
|                              | JAMES ALTUS MCCULLOUGH       |
|                              | KACEY LEIGH KEETON           |
|                              | DAVID FRIEDERICH MARION      |
|                              | WALKER (BILL) JONES, III     |
|                              | CHARLES STEPHEN STACK, JR.   |
|                              | W. BRUCE WILLIAMS            |
|                              | KATRINA MAY HALL             |
|                              | THOMAS W. TYNER              |
|                              | GRAYSON RANDOLPH LEWIS       |
|                              | JAMES P. STREETMAN, III      |
|                              | CHARLES R. WILBANKS, JR.     |
|                              | CLYDE LAVEL NICHOLS, III     |
|                              | BLAYNE THOMAS INGRAM         |
|                              | WALTER C. MORRISON           |
|                              | PATRICK R. BUCHANAN          |

                                        W. MARK EDWARDS
                                        RONALD G. PERESICH
                                        PATRICIA ANN DICKE
                                        MEADE W. MITCHELL
                                        PHIL B. ABERNETHY
                                        ALBEN NORRIS HOPKINS
                                        MARIANO JAVIER BARVIE'
                                        VINCENT RICHARD ALMERICO
                                        PAIGE CRAIG JONES
                                        JOHN W. ROBINSON
                                        KYLE STUART MORAN
                                        EDWIN S. GAULT, JR.
                                        BRANDY LENEE FAUGHT
ATTORNEYS FOR APPELLEES:     STEPHEN W. MULLINS
                                        ALWYN H. LUCKEY
                                        HARVEY W. BARTON
                                        SKIP EDWARD LYNCH
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 REVERSED AND REMANDED - 12/15/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE, WALLER, P.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This consolidated interlocutory appeal of two "mass-tort" cases[1] requires us to again address questions of joinder and the pleading requirements of rules 8, 9, 10 and 11, of the Mississippi Rules of Civil Procedure.   Although we previously addressed the issue concerning inadequate pleading in ***Harold's Auto Parts, Inc. v. Mangialardi***, 889 So. 2d 493 (Miss. 2004), today we provide additional guidance and clarification.

---

[1]***3M Co. v. Glass***, No. 2003-IA-00617-SCT, filed May 6, 2002 in Jefferson County Circuit Court, and ***3M Co. v. Green***, No. 2003-IA-00476-SCT, filed June 6, 2002, in Claiborne County Circuit Court.

¶2.     Both the *Glass* and *Green* complaints contain general allegations of "silica-related"
injury from exposure to "silica-containing dust."   Although the plaintiffs and defendants are
identified in exhibits to the complaint, no particular plaintiff or defendant is identified
anywhere within the body of the complaint.   The exhibits were amended numerous times before
settling upon 15 plaintiffs[2] and 76 defendants in each case.   3M is one of the 76 defendants.

¶3.     After the trial court's denial of the motions for severance in March, 2003, 3M filed a
motion seeking interlocutory appeal[3] which we granted. *See* M.R.A.P. 5.

## ANALYSIS

¶4.     The question presented is whether the trial court abused its discretion in denying 3M's
motions to sever the plaintiffs' claims.   3M submitted its well-reasoned brief on the issue, and
plaintiffs responded by telling us:   "Plaintiffs hereby confess the issues contained in the
Appellants' Brief concerning Rule 20 joinder . . . ."   Plaintiffs point out that they filed these
cases with a good faith belief under then-existing Mississippi law that joinder of the plaintiffs
was proper, but that this Court has since clarified the requirements for joinder in Mississippi,
and that *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1097 (Miss. 2004) and
its progeny clearly prohibit Rule 20 joinder of the plaintiffs in this case.[4]   We therefore find
it unnecessary to include any analysis regarding the joinder issue.   Because the *Glass* and

---

[2] The two cases have different plaintiffs.  The fact that both cases after amendments have fifteen
plaintiffs is merely coincidence.

[3] 3M's motion was joined by other defendants.  Because our disposition of this matter will
necessarily and equally affect all defendants, we shall refer only to 3M.

[4] The Court is grateful to plaintiffs' counsel for their professional and responsible admission in this
regard which spares us yet another detailed analysis of the issue.

*Green* plaintiffs fail to satisfy the requirements for joinder under Rule 20, we reverse the trial court's denial of 3M's motions. That said, we now turn to the question of whether the plaintiffs' claims should be dismissed without prejudice or remanded for further action by the trial court.

¶5. In August 2004 we reviewed an interlocutory appeal which, after seven amended complaints, involved the "claims of 264 plaintiffs against 137 named defendants who . . . identified approximately 600 different employers where asbestos exposure might have taken place." *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d at 494. The *Mangialardi* defendants complained that the plaintiffs were improperly joined, and that they were given insufficient information to intelligently present their motion for severance. Chief Justice Smith, speaking for the majority, summed up the case as follows:

> In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces. We are not told which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time.

*Id.* Thus, one could not determine which of the 264 plaintiffs were suing any particular defendant, nor was any defendant informed of when, where or how any particular plaintiff was harmed.

¶6. We held the *Mangialardi* plaintiffs' failure to provide this "core information" within their complaint violated Rules 8, 9, 10 and 11, of the Mississippi Rules of Civil Procedure. Specifically, we stated that "[s]uch information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure." *Id.* at 495. Though some have complained that these simple

5

requirements place too great a burden on plaintiffs' counsel in mass tort cases, we do not agree. We think it reasonable to expect counsel to know *prior to filing suit* the identity of each client, the defendant each client proposes to sue, the alleged harm committed by specific defendants against each client, and the location and period of time the harm was committed.[5]

¶7.    Nor should *Mangialardi* and *Armond* be read to spell doom (as some have predicted)[6] for Rule 20 joinder. We intended *Mangialardi* to affect only those cases wherein counsel for multiple plaintiffs file a lawsuit without first knowing and disclosing in the complaint the defendant each client was suing and the basis for that particular client's claims, that is, what the particular defendant did wrong to the particular plaintiff, and when and where the wrong was committed. Absent this basic information, it is unreasonable to expect that a defendant can prepare an appropriate defense to the complaint or provide a proper and complete response to discovery requests. *Armond* simply removes Mississippi from its dubious distinction as extremely liberal on Rule 20 joinder[7] and moves it to a more centrist position.

¶8.    We do not view, nor did we intend, *Mangialardi* to add to or affect the Rule 20 requirements for joinder as discussed in the *Armond* line of cases. Rather, *Mangialardi*

---

[5]Our decision in *Mangialardi* cannot fairly be read to say that every fact and detail must be pled. For compliance with *Mangialardi*, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000 and 2001."

[6]At oral argument in this case, counsel for the plaintiffs stated, "Rule 20 has been emasculated to the point where there will no longer ever be a joinder of plaintiffs in a tort case."

[7]*See, e.g., In re: Bridgestone/Firestone, Inc.*, 260 F. Supp. 2d 722, 730-31 (S.D. Ind. 2003) (joinder allowed in Mississippi would not be "appropriate" under Federal Rule 20); *Jamison v. Purdue Pharma Co*., 251 F. Supp. 2d 1315 (S.D. Miss. 2003) (proper joinder under Mississippi Rule 20 would be improper under Federal Rule 20).

simply reminds the Bar that even though Mississippi is a notice-pleading jurisdiction, our rules of procedure require, at a minimum: (1) that each plaintiff provide "a short and plain statement of the claim" that discloses why that plaintiff "is entitled to relief," and "a demand for judgment for the relief to which he deems himself entitled." Miss. R. Civ. P. 8(a);[8] (2) that "averments of time and place are material and shall be considered like all other averments of material matter." Miss. R. Civ. P. 9(f);[9] (3) that "each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . ." Miss. R. Civ. P.10(b);[10] and (4) that the "signature of an attorney [on the complaint] constitutes a certificate . . . that to the best of the attorney's knowledge, information and belief there is good ground to support it." Miss. R. Civ. P.11(a).

¶9.     Concerning Rule 20 joinder, plaintiffs' failure to comply with the requirements of pleading as discussed in *Mangialardi* renders the defendants without the necessary information to evaluate and (if appropriate) challenge joinder of two or more of the plaintiffs; and it places the trial court (as happened in the case before us today) in a position of having insufficient information to determine whether joinder of the plaintiffs was in compliance with the requirements of *Armond*. Thus, plaintiffs' failure to comply with the requirements of

---

[8]The official comment to Rule 8 provides, inter alia, that "[a]lthough Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences and events which support the proffered claim." Miss. R. Civ. P. 8 cmt.

[9]The official comment to Rule 9(f) provides, inter alia, that the rule "treats time and place as material on a motion testing the sufficiency of the pleadings; accuracy in pleading time and place will facilitate the identification and isolation of the transaction or event in issue and provide mechanism for the early adjudication or testing of certain claims and defenses . . . ." Miss. R. Civ. P. 9 cmt.

[10]The official comment to Rule 10(b) provides, inter alia, that "separate counts are required if they facilitate the clear presentation of the matters set forth." Miss. R. Civ. P. 10 cmt.

pleading as discussed in *Mangialardi* is unfair not only to the defendants but to the trial court as well.

¶10.    As previously stated, for purposes of today's decision, we need not address the question of Rule 20 joinder since, in light of *Armond* and its progeny, the plaintiffs recognize and agree that they are improperly joined.[11] We need only determine what should now be done with the 30 plaintiffs who seek remand and transfer to appropriate venues, and the 76 defendants who seek dismissal without prejudice.

¶11.    We recognize that *Mangialardi* was an abrupt wake-up call for many attorneys filing mass-tort complaints. Although the complaints in the consolidated cases before us today do not comply with the pleading requirements as discussed in *Mangialardi*, we are mindful that they were filed more than four years ago. In fact, *Mangialardi* and *Armond* were both handed down in 2004, at which time these cases had been consolidated and pending before this Court on interlocutory appeal for over a year. Although the better practice would have been for plaintiffs' counsel to have filed a motion with this Court for permission to amend both complaints and bring them in compliance with *Mangialardi*, we are aware that such motions are extraordinary, and we hesitate to find fault with plaintiffs' counsel under the facts before us.

¶12.    In *Mangialardi*, we remanded with instructions to plaintiffs' counsel to provide the required information within forty-five days. We further directed the trial court to dismiss

---

[11]It is also noteworthy that, since this Court handed down *Armond* in 2004, the same trial judge in both cases before us today has followed its requirements in other cases. It is unfortunate that, because these consolidated cases were on appeal when *Armond* and *Mangialardi* were decided, the trial court had no opportunity to apply the requirements of *Armond* here.

8

without prejudice the claims of all plaintiffs failing to comply, and to transfer to a court of proper venue the claims of each plaintiff who complied. Justice demands that we do no less here. Defendants argue that, because plaintiffs' claims have no substance, we should dismiss them without prejudice. However, any determination that the claims have no substance must be made in the trial court in response to an appropriate motion. This Court does not sit as a finder of fact and does not rule on such motions.

¶13. We note that two of the three counsel who signed the brief on behalf of the plaintiffs, and many of the counsel who signed briefs on behalf of the various defendants, have homes and offices in the Gulf Coast area.[12] We find it appropriate under the circumstances for the trial court to determine the period of time for plaintiffs' counsel to provide the information as ordered herein.

## CONCLUSION

¶14. We therefore reverse the trial court's orders denying defendants' motion for severance,[13] and we remand *Glass* to the Circuit Court of Jefferson County and *Green* to the Circuit Court of Claiborne County for further proceedings consistent with this opinion. Upon remand, the trial court in each case shall sever the claims of each plaintiff. The trial court shall, within thirty days of the date of issuance of the mandate in these cases, enter an order setting an appropriate time limit – not exceeding sixty days from the date of the trial court's

---

[12]The immense devastation visited upon the Gulf Coast by Hurricane Katrina requires that this Court be sensitive to the possibility of extreme hardship in cases including lawyers and parties from the affected area.

[13]The order denying severance in *Green* was entered on March 3, 2003. The order denying severance in *Glass* was entered March 17, 2003.

order–for plaintiffs' counsel to provide sufficient information to defendants and the trial court for a determination of transfer, where possible, to a court of appropriate venue. The trial court shall dismiss without prejudice each plaintiff who fails to timely furnish the information, and each plaintiff whose claims have no court of proper venue in Mississippi. Counsel for each plaintiff to be transferred is directed to file, prior to the transfer, an amended complaint for that plaintiff which discloses – at a minimum – the defendant or defendants being sued, the nature of the wrongful acts alleged against each defendant, and the place and period of time the wrongful acts are alleged to have occurred.

¶15. **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**