980 So.2d 290 (2007)
Franklin E. CHALK, Frederick D. Feinstein, Roy A. Graham, Billy Joe Gressett, Donald E. Jones, Langford L. Knight, F. Gregory Malta, William F. Parten, Robert E. Pierce, Roger E. Shirley, Charles F. Speed and Aaron K. Wilson, Appellants
v.
David J. BERTHOLF and Joe H. Bryant, Jr., Appellees.
No. 2005-CA-01627-COA.
Court of Appeals of Mississippi.
July 17, 2007.
Rehearing Denied April 22, 2008.
*292 J. Stewart Parrish, Meridian, attorney for appellants.
Wayne E. Ferrell, Jackson, attorney for appellees.
EN BANC.
MYERS, P.J., for the Court.

PROCEDURAL HISTORY AND STATEMENT OF FACTS
¶ 1. Franklin E. Chalk, Frederick D. Feinstein, Roy A. Graham, Billy Joe Gressett, Donald E. Jones, Langford L. Knight, F. Gregory Malta, William F. Parten, Robert E. Pierce, Roger E. Shirley, Charles F. Speed, and Aaron K. Wilson filed a complaint in the Circuit Court of Lauderdale County against David J. Bertholf and Joe H. Bryant, Jr. alleging slander. All of the appellants are current, former, or retired high-ranking commissioned and non-commissioned officers of the 186th Air Refueling Wing of the Mississippi Air National Guard in Meridian. Appellee John H. Bryant, Jr. is a retired Mississippi Air National Guard officer, formerly of the 186th Wing. Appellee David J. Bertholf is a retired United States Air Force officer who, prior to his retirement, had been assigned by the Inspector General of the United States Air Force to investigate claims of wrongdoing filed by Joe H. Bryant, Jr. against members of the 186th Wing. The appellants assert that Bertholf and Bryant published slanderous statements against them on a radio talk show program conducted on May 27, 2003, on WMOX/1010 AM in Meridian, Mississippi, causing damage to their good names and reputations. However, the appellant's *293 complaint failed to include the language of the alleged slander or the substance of the words used against them.
¶ 2. Bertholf and Bryant answered the complaint, asserting various affirmative defenses, including that the complaint failed to state a claim upon which relief could be granted pursuant to Mississippi Rule of Civil Procedure 12(b)(6). Later, Bertholf and Bryant moved for summary judgment under Mississippi Rule of Civil Procedure 56 asserting that there were no genuine issues of material fact for the trial court to decide and the complaint and an unauthenticated transcript of the radio talk show were attached as exhibits to the motion. Thereafter, a hearing was held on the matter and the circuit court converted the motion for summary judgment into a Rule 12(b)(6) motion, ruling in favor of Bertholf and Bryant. However, the entry of dismissal was stayed for a period of thirty days in order to allow the appellants time to amend their complaint to include more specificity as to which statements they alleged to be slanderous, information as to how the statements were slanderous and to whom the statements were directed. The appellants failed to amend their complaint before the expiration of the thirty day period of leave, and the circuit court dismissed their cause of action with prejudice, finding the complaint to be deficient under Mississippi Rule of Civil Procedure 8. The dismissal of the complaint is now appealed and the appellants request review of the following issues:
I. WHETHER A CIRCUIT COURT MAY CONVERT A MOTION FOR SUMMARY JUDGMENT INTO A MOTION TO DISMISS UNDER RULE 12(b)(6)?
II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING DISMISSAL UNDER RULE 12(b)(6)?
¶ 3. Finding no error, we affirm the judgment of the circuit court.

STANDARD OF REVIEW
¶ 4. Motions to dismiss under either Mississippi Rule of Civil Procedure 12 or Rule 56 raise questions of law and are reviewed de novo. Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1209-10 (¶¶ 6-7) (Miss.2001). Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted. Children's Med. Group, P.A. v. Phillips, 940 So.2d 931, 934(¶ 7) (Miss.2006). "[I]n applying this rule `a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim.'" Id. (quoting Missala Marine Servs. v. Odom, 861 So.2d 290, 294(¶ 12) (Miss.2003)). Motions to dismiss under Rule 12(b)(6) are considered on the face of the pleadings alone. Hartford, 826 So.2d at 1211(¶ 15). "Quite differently, Rule 56 tests the notion of well-pled facts and requires a party to present probative evidence demonstrating triable issues of fact." Phillips, 940 So.2d at 934(¶ 7) (quoting Stuckey v. Provident Bank, 912 So.2d 859, 865-66(¶ 11) (Miss.2005)). Accordingly, Rule 56(c) provides that summary judgment shall be rendered for the moving party "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56.

DISCUSSION
I. WHETHER A CIRCUIT COURT MAY CONVERT A MOTION FOR *294 SUMMARY JUDGMENT INTO A MOTION TO DISMISS UNDER RULE 12(b)(6)?
¶ 5. The matter of dismissal initially came before the circuit court as a motion for summary judgment pursuant to Mississippi Rule of Civil Procedure 56. However, after a hearing on the matter, the circuit court converted the appellee's motion for summary judgment into a motion for dismissal, and ultimately dismissed the case pursuant to Mississippi Rule of Civil Procedure 12(b)(6), based upon the complainants' failure to state a claim for relief. During the hearing, Bertholf and Bryant introduced as an exhibit the transcript of the radio talk show; however, the appellants disputed the completeness of the transcript. Consequently, the trial court threw out the transcript of the radio show because its completeness was at issue.
¶ 6. On appeal, the appellants argue that the circuit court erred in converting the motion for summary judgment into a motion to dismiss under Rule 12(b)(6) because the trial judge considered evidence outside of the pleadings. The appellants point out that the appellees attached, as an exhibit to their memorandum in support of the motion for summary judgment, the transcript of the radio talk show. Further, the appellants assert that the motion was to be treated as a Rule 56 motion for summary judgment because during the motion hearing on the matter, the circuit court heard live testimony and admitted into evidence a transcript and tape recordings from the radio talk show. Based on the evidence the trial court took during the motion hearing and the evidence attached to the motion, the appellants assert that the judgment should be considered one for summary judgment not one for dismissal under Rule 12(b)(6). Bertholf and Bryant contend, however, that the circuit court, in its review during the motion hearing, was limited in its review only to the four corners of the complaint, and argue that all other matters were excluded. Thus, Bertholf and Bryant assert that the circuit court properly dismissed the appellant's complaint pursuant to Rule 12(b)(6), after converting the appellee's motion for summary judgment to one for dismissal under Rule 12(b)(6).
¶ 7. Our supreme court has well established that "[u]nder certain conditions, motions for summary judgment and for judgment on the pleadings are interchangeable." Hartford, 826 So.2d at 1213(¶ 24) (citing M.R.C.P. 12(c), and M.R.C.P. 56 cmt.) (permitting a motion for summary judgment to be converted into a judgment on the pleadings pursuant to Rule 12(c), finding that the circuit court did not consider matters beyond the pleadings); Lawrence v. Evans, 573 So.2d 695, 697 (Miss.1990) (citing M.R.C.P. 12(b)(6)); Millican v. Turner, 503 So.2d 289, 292 (Miss.1987); Walton v. Bourgeois, 512 So.2d 698, 699-700 (Miss.1987); Educ. Placement Serv. v. Wilson, 487 So.2d 1316, 1320 (Miss.1986); Kountouris v. Varvaris, 476 So.2d 599, 602 n. 3 (Miss.1985). Under Rule 12(b)(6), where "matters outside the pleading are presented to and not excluded by the court," a motion to dismiss must be treated as one for summary judgment. Rosen v. Gulf Shores, Inc., 610 So.2d 366, 368 (Miss.1992) (quoting M.R.C.P. 12(b)(6)) (emphasis added). Conversely, where matters outside the pleadings have been excluded by the trial court, review may proceed pursuant to Rule 12(b)(6). Favre Prop. Mgmt., LLC v. Cinque Bambini, 863 So.2d 1037, 1044(¶ 18) (Miss.Ct.App.2004). In this case, there is no evidence that the circuit court considered anything outside the pleadings. Our review of the trial court order indicates that the court excluded the only evidence introduced at the *295 motion hearing, the transcript of the talk show, because the completeness of the evidence was not substantiated. In accordance with the precedent, we likewise hold that a circuit court does not err by limiting its ruling on a Rule 56 motion for summary judgment to the four corners of the complaint, excluding all other matters introduced, and dismissing the complaint pursuant to Rule 12(b)(6). Therefore, we find that the trial court's exclusion of the radio show transcript allows the court to refine its review of the motion based only on the pleadings and dismiss the complaint pursuant to Rule 12(b)(6).
II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING DISMISSAL UNDER RULE 12(b)(6)?
¶ 8. At issue is whether the appellants properly alleged a claim for slander so as to survive a motion for dismissal. After the appellants failed to amend their complaint to provide more specificity regarding the allegedly slanderous statements, the circuit court dismissed the complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6), finding that the complaint failed to satisfy the notice-pleading requirements of Mississippi Rule of Civil Procedure 8. The trial court found that the complaint was insufficient on its face, as the appellants merely alleged that Bertholf and Bryant made slanderous statements, but refused to "specifically identify those remarks or to identify which remark slandered which plaintiff."
¶ 9. The appellants assert that the circuit court erred in ruling that their complaint lacked sufficient details in order to survive a motion for dismissal. The crux of the appellants' argument is that the purpose of Mississippi Rules of Civil Procedure Rule 8 is to give notice of the claims, and that the pleading of the specific facts upon which the claims will be proved is not required. At the hearing, the appellants defended the motion to dismiss by arguing that the motion was premature because discovery was not complete. In opposition, Bertholf and Bryant argue that they were not afforded proper notice through the pleadings because notice pleading under the Mississippi Rules of Civil Procedure require a plaintiff to plead every element of slander, including the fact that a false and defamatory statement was made. More specifically, Bertholf and Bryant argue that a complaint for slander should include the specific slanderous statements made by each defendant, a statement regarding to whom those statements were directed, and a statement describing how the defendant's statements were slanderous. According to Bertholf and Bryant, failure to include such specificity in the complaint is fatal and dismissal of a complaint lacking such information is warranted under Rule 12(b)(6).
¶ 10. The substance of the appellants' complaint alleging defamation reads in pertinent parts:
On Tuesday, May 27, 2003, the Defendants voluntarily appeared on a radio talk show program conducted by the WMOX/1010 A.M. radio station in Meridian, Mississippi, which program was broadcast to the general public throughout the area of Lauderdale County and surrounding counties.
* * * *
Statements made and published by the Defendants as described herein above slander the good name and reputation of each of the Plaintiffs, expressly or impliedly, causing injury to the said Plaintiffs for which each should be permitted to recover.
Absent from the complaint, however, are the words or substance of the words alleged to constitute slander.
*296 ¶ 11. Mississippi Rule of Civil Procedure 8 establishes the general rules of pleading and only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint is reviewed for sufficiency under Rule 12(b)(6), the review is limited only to the face of the pleading. Hartford, 826 So.2d at 1211(¶ 15). A trial judge must accept the allegations in the complaint as true and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. State Indus. v. Hodges, 919 So.2d 943, 945(¶ 2) (Miss.2006). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Penn Nat'l Gaming, Inc. v. Ratliff, 954 So.2d 427, 431(¶ 6) (Miss.2007).
¶ 12. "[T]he question whether said-to-be-offending words are defamatory may be decided by the Court without submission to the trier of fact." Lawrence, 573 So.2d at 697.[1] In order to prove slander, Mississippi requires the plaintiffs to prove the following elements:
(a) a false statement that has the capacity to injure the plaintiff's reputation;
(b) an unprivileged publication, i.e., communication to a third party;
(c) negligence or greater fault on part of publisher; and
(d) either actionability of statement irrespective of special harm or existence of special harm caused by publication.
Speed v. Scott, 787 So.2d 626, 631(¶ 21) (citing Franklin v. Thompson, 722 So.2d 688, 692 (Miss.1998)). Mississippi law is well established in holding that in order to bring a claim for defamation, "[t]he words used must have been clearly directed at the plaintiff [and] the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." Chatham v. Gulf Pub. Co., 502 So.2d 647, 650 (Miss. 1987) (quoting Ferguson v. Watkins, 448 So.2d 271, 275 (Miss.1984)); See also Mann v. City of Tupelo, No. 1:93CV107-B-D (N.D.Miss. Apr. 13, 1995); Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co., 848 F.Supp. 1276, 1288 (S.D.Miss. 1994); Mitchell v. Random House, Inc., 703 F.Supp. 1250, 1256 (S.D.Miss.1988) (holding that in order "to state a claim for defamation, it is necessary that the defamation be `clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture.'") (emphasis added); Blake v. Gannett Co., 529 So.2d 595, 603 (Miss.1988).
¶ 13. We are mindful that the promulgation of Rule 8 was intended to lessen the pleading requirements so that a plaintiff's rights "are not lost by poor drafting skills of counsel." M.R.C.P. 8 cmt. However, we must also remember that "[a]lthough Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim." M.R.C.P. 8 cmt. While the use of discovery tools becomes helpful to a defendant in developing his defense, a defendant must be able to ascertain from the outset of the litigation the circumstance(s), occurrence(s) and event(s) of his conduct that form the basis of the suit against him.
¶ 14. In this appeal, we must determine whether the appellant's complaint alleging *297 defamation pled sufficient detail pursuant to Mississippi Rule of Civil Procedure 8. "In construing our rules, we sometimes look for guidance to the federal cases, since the Mississippi Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure." Penn Nat'l Gaming, Inc., 954 So.2d at 432(¶ 11) (citing White v. Stewman, 932 So.2d 27, 39(¶ 34) (Miss.2006)). This case is one of the instances we find it necessary to rely upon the federal court guidance because case law concerning this precise issue is scarce within our current state court jurisprudence.[2][3] Mississippi federal courts have examined our state law and ruled on the matter of pleading requirements in a suit for defamation on several occasions. Quite consistently, these courts have found that Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements.
¶ 15. One federal district court opinion in particular, Mitchell v. Random House, Inc., 703 F.Supp. 1250, 1258 (S.D.Miss. 1988), has upheld a trial court's dismissal of a defamation complaint pursuant to Rule 12(b)(6) for failure to include sufficient detailing. In the Mitchell case, the complainant reproduced portions of a published book in her complaint, seeking to show that she had been defamed. However, after the court examined the book excerpts in relation to the plaintiff, it was able to ascertain that there were no actionable words of defamation. The court held that "[t]he trial court in a defamation case must make the threshold determination of whether the language in question is actionable." Mitchell, 703 F.Supp. at 1256. In its opinion, the Mitchell court explained the importance of requiring a complainant to put before the trial court the alleged defamatory words against him, quoting a treatise on the matter:
Dismissal of defamation suits for failure of the complaint to state a cause of action or to state a claim upon which relief may be granted occurs with relative frequency. One substantial factor is *298 that the communication complained of is usually before the court at the outset; indeed in many jurisdictions it is required that complaints themselves set forth the allegedly defamatory statement. Thus, unlike most litigation, in a libel suit the central event  the communication about which suit has been brought  is usually before the judge at the pleading stage. He may assess it upon a motion to dismiss first hand and in context.
The trial court may therefore, at the earliest stages, make sound determinations as to issues relating to the communication of which complaint is made. Thus courts routinely consider on motions to dismiss issues such as whether the statement at bar is capable of bearing a defamatory meaning, whether it is "of and concerning" the plaintiff, whether it is protected opinion, whether there is jurisdiction over the defendant, and whether the suit is barred by privilege and frequently grant motions on these grounds and others.
Id. at 1258 (quoting R. Sack, Libel, Slander and Related Problems 533-34 (1980)).
¶ 16. In the decision of Berry v. Safer, No. 5:03-CV-3(Br)(S), 2004 WL 1961675 (S.D.Miss. July 9, 2004), the district court found that "the failure to plead the `of and concerning' element [required to be pled by the supreme court pursuant to Ferguson, 448 So.2d at 275] of a defamation suit may be raised at the pleading stage and made the subject of a motion to dismiss." The court dismissed the plaintiff's action on the pleadings, holding that the complaint "fail[ed] to allege facts sufficient to establish that the allegedly defamatory statements were `of and concerning' or `clearly directed toward' the plaintiffs." Id.
¶ 17. One federal court construed Mississippi pre-rules statutory law to require a plaintiff "to plead the `words or matter' constituting the alleged defamation." Lenoir v. Tannehill, 660 F.Supp. 42, 45 (S.D.Miss. 1986) (citing Valley Dry Goods Co., 75 So. at 254). Before the adoption of the Mississippi Rules of Civil Procedure, the seminal case of Valley Dry Goods Co., 114 Miss. 414, 75 So. at 254, dictated that a plaintiff sufficiently plead an action for libel or slander by averring "the words or synonymous words which constitute the slander." As the jurisprudence progressed, stricter compliance with the pleading requirements was mandated by the supreme court in Cooper v. Davidson, 172 Miss. 74, 81, 157 So. 418, 419 (1935). In the Cooper opinion, the court restricted the pleading requirements and held that "[t]he circumstances under which the words were used must appear [in the action for slander.]"
¶ 18. With this guidance in the interpretation of the Mississippi Rule of Civil Procedure 8 pleading requirements in mind, we turn to the case sub judice. We find that the appellants' complaint failed to comply with the relaxed, notice-pleading requirements of Mississippi Rule of Civil Procedure 8 in two ways. First, the complaint failed to specify which of the twelve plaintiffs was slandered by which of the two defendants. Second, the complaint failed to set forth the statements, paraphrased or verbatim, that constituted slander. Without setting forth any information in the complaint regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were slanderous, the allegation that appellees made `slanderous statements' constitutes a bare legal conclusion with no support in the complaint. Had the complaint alleged that the entire radio broadcast occurring on May 27, 2003, was slanderous, then we would be facing a different situation. *299 However, the appellants did not claim that the entire radio broadcast occurring on May 27, 2003, was slanderous. Rather, the appellees were only given notice that something either Bertholf or Bryant (or both) said on their morning radio show on the date of May 27, 2003, was allegedly slanderous toward one or all of the twelve complainants. Because the complaint did not contain any information as to the substance or effect of the statements with which the appellants allege they were slandered, Bertholf and Bryant were left with approximately two hours worth of radio air time to analyze and attempt to guess which parts of the radio show the appellants alleged slanderous in order to begin their defense.
¶ 19. Failure to provide any substance regarding the allegedly slanderous words in the complaint against the appellees was fatal to the appellant's claim. Even after the trial judge granted the appellants leave to amend their complaint to include more specificity regarding the allegedly slanderous words, the appellants refused to do so. We agree with the trial court that the appellant's complaint failed to state a claim for which relief could be granted, albeit under a different analysis. But, as a reviewing appellate court, we are most "interested in the result of the decision, and if it is correct we are not concerned with the routestraight path or detourwhich the trial court took to get there." Kirksey v. Dye, 564 So.2d 1333, 1336-37 (Miss.1990). For these reasons, the judgment of the circuit court dismissing the complaint pursuant to Rule 12(b)(6) is affirmed.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., IRVING, CHANDLER, ISHEE, and CARLTON, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J.; BARNES, J. JOINS IN PART. ROBERTS, J., NOT PARTICIPATING.
GRIFFIS, J., Dissenting:
¶ 21. I respectfully dissent on two separate grounds. First, the trial judge's decision did not dismiss all claims alleged in the plaintiffs' complaint. Second, the trial judge erred in granting the motion to dismiss. I would reverse and remand for further proceedings.
¶ 22. My first issue is jurisdictional. The trial judge simply did not dismiss all claims alleged. The complaint asserted four separate claims. Count I asserted a claim for "Slander." The plaintiffs alleged that the statements made by the defendants on a radio program slandered them, and they were damaged thereby. Count II asserted a claim for "Intentional Infliction of Emotional Distress." The plaintiffs alleged that the statements were intentionally made with an intent to harm the plaintiffs and were sufficiently outrageous as to cause emotional distress. Count III asserted a claim for "Injurious Falsehood/Trade Libel." The plaintiffs alleged that the statements were derogatory to plaintiffs' business interests and constituted injurious falsehood and disparagement causing loss to the plaintiffs. Court IV asserted a claim for "Punitive Damages." The plaintiffs alleged that the acts and omissions of the defendants evidence a willful, wanton or reckless disregard for the plaintiffs and constituted gross negligence.
¶ 23. The trial judge's written and spoken words indicate that he viewed this as simply a slander action. It was not. The plaintiffs' complaint asserted four separate *300 claims. The trial judge did not consider whether the motion to dismiss under Rule 12(b)(6) was appropriate for Count II (Intentional Infliction of Emotional Distress), Count III (Injurious Falsehood/Trade Libel), or Court IV (Punitive Damages). Hence, I am of the opinion that the trial court's judgment was not a final judgment and was not certified, pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. I am of the opinion that this Court lacks jurisdiction to consider the appeal. I would dismiss this appeal and remand to the trial court for further proceedings.
¶ 24. My second issue is that I am of the opinion that the trial judge's decision was erroneous. The defendants filed a pleading identified as a "Motion for Summary Judgment." To support the motion, the defendants attached the complaint, a transcript of the radio program that aired on May 27, 2003, and a memorandum brief. The plaintiffs responded with their own evidence.
¶ 25. At the conclusion of the second hearing on the motion for summary judgment, the trial court concluded:
I think [the] motion for summary judgment is premature. However, I do think a 12(b)(6) motion is appropriate in that I think, looking at the Complaint  the essence of a slander case is that there must be some verbal communication that is published. It must meet a lot of elements, but the first thing it has got to be is a statement about somebody directed at somebody. And there is absolutely nothing in the Complaint, nothing filed by the Plaintiff in all this file since this case has been filed that would indicate any slanderous remark. That does not meet the test of Rule 8, nor does it fall in line with the PACCAR case as to what is required. . . .
In the order, dated July 8, 2005, the trial judge held:
The Complaint in this cause merely alleges that slanderous remarks were made on the talk show on May 27, 2003. It fails to specifically identify those remarks or to identify which remark slandered which plaintiff. This does not satisfy Rule 8 MRCP according to PACCAR Financial Corp. v. Howard, 615 So.2d 583 (Miss.1993) and therefore does not state a claim pursuant to Rule 12(b)(6).
The Court finds based solely on consideration of the pleadings and the conclusions that no set of facts could establish a claim from the Complaint as it now exists that this cause should be dismissed pursuant to Rule 12(b)(6). However, Plaintiffs are granted thirty (30) days from the date of this order to amend the Complaint to allege the specific slanderous statements by each Defendant, who the statements were directed toward and how they were slanderous. If the Complaint has not been amended within the thirty day period this Order shall become final.
¶ 26. My review of the trial court's decision begins with an examination of the legal authorities cited by the trial judge, PACCAR Financial Corp. There, the defendants appealed a jury verdict in a conversion action. PACCAR Financial Corp., 615 So.2d at 584. The supreme court determined that the trial court was correct to give a jury instruction authorizing recovery on an agency theory but reversed on damages. Id. The court considered whether it was error for the trial court to deny the defendants' motion for a directed verdict and their later request for a peremptory instruction. Id. at 586. Thus, the court was asked to consider whether the trial court erred in its analysis of the sufficiency of the evidence. The court *301 mentioned that motions for directed verdicts are similar to motions to dismiss because they "are procedural vehicles for challenging the sufficiency of the plaintiff's or movant's case. Each requires that the court consider all of the evidence before it at the time the motion is offered." Id. at 587. However, the court discussed Rule 8 only in dealing with the question of whether the plaintiff's pleadings were sufficient to raise the issue of an agency relationship for the jury to decide. Id. at 590. On this issue, the court held:
While Miss. R. Civ. P. 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim. Although Miss. R. Civ. P. 15(b) permits trial of issues not raised by the pleadings with the express or implied consent of the parties, the Comment to the Rule states:
it is an invariable principle of practice that the admissible proof in any case must come within the allegations of the pleadings and that it avails nothing to prove what is not charged.
A party, however, is entitled to have jury instructions given regarding all material issues presented in the pleadings or evidence. Likewise, a party is entitled to have his theory of the case presented to the jury through instructions, provided there is evidence to support it. Having reviewed the record, we find, therefore, that despite any deficiencies in the pleadings, there was sufficient evidence introduced at trial to show that Hawk acted as PACCAR's agent to warrant the complained of instruction to the jury.
PACCAR Financial Corp., 615 So.2d at 589-90 (citations omitted).
¶ 27. I include a discussion of PACCAR Financial Corp. to show that it does not stand for the proposition the trial court asserted. Indeed, in footnote 3, the majority agrees that PACCAR Financial Corp. does not support the trial court's ruling.
¶ 28. Likewise, at the hearing, the trial court extensively discussed and ultimately relied on Harold's Auto Parts, Inc. v. Mangialardi, 889 So.2d 493 (Miss.2004), as the basis to grant the motion to dismiss. Mangialardi was perhaps a landmark decision in Mississippi's mass tort litigation. The supreme court reviewed the complaint and summarized it as follows:
In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces. We are not told which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time. We do not suggest that this lack of basic information is the result of recalcitrance on the part of plaintiffs' counsel; perhaps plaintiffs' counsel has not furnished the information.
Mangialardi, 889 So.2d at 494. The supreme court granted the defendants' interlocutory appeal, reversed the trial court's order that denied the motion to sever, and held that the "plaintiffs have wholly failed in their obligation to assert sufficient information to justify joinder and, accordingly, this matter is remanded to the trial court for a transfer of each plaintiff to an appropriate court of venue and jurisdiction, where known." Id. at 495. The court then directed that the trial court dismiss any claim where the plaintiff fails to provide sufficient information to determine if a transfer is proper. The court determined that "[s]uch information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure." Id.
*302 ¶ 29. In 3M Co. v. Glass, 917 So.2d 90, 91(¶ 1) (Miss.2005), the supreme court provided "additional guidance" on Mangialardi. Glass presented the supreme court another mass tort case on whether the plaintiffs' cases may be joined in one action or whether they need to be severed. Glass, 917 So.2d at 91-92(¶ 4). The court held:
We held the Mangialardi plaintiffs' failure to provide this "core information" within their complaint violated Rules 8, 9, 10 and 11, of the Mississippi Rules of Civil Procedure. Specifically, we stated that "such information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure." Id. at 495. Though some have complained that these simple requirements place too great a burden on plaintiffs' counsel in mass tort cases, we do not agree. We think it reasonable to expect counsel to know prior to filing suit the identity of each client, the defendant each client proposes to sue, the alleged harm committed by specific defendants against each client, and the location and period of time the harm was committed.
Footnote 5. Our decision in Mangialardi cannot fairly be read to say that every fact and detail must be pled. For compliance with Mangialardi, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000 and 2001."
Id. 917 So.2d at 92(¶ 6).
¶ 30. The majority's decision is based on federal court interpretations of the Federal Rules of Evidence. The bases for each of these decisions are Mississippi cases that predate the adoption of the Mississippi Rules of Civil Procedure. Neither Rule 8 nor Rule 9 of the Mississippi Rules of Civil Procedure requires that the complaint include the specific slanderous statements made by each defendant/appellee, to whom those statements were directed, and how they were slanderous. Indeed, Mississippi cases that predate Rule 8 did not require the exact statements to be included in the complaint. Holland v. Kennedy, 548 So.2d 982, 986 (Miss.1989). Rule 8 does not even require "synonymous words which constitute the slander." Id. The majority's decision erodes the requirements of Rule 8 and Rule 9 and returns us to fact pleading.
¶ 31. I believe it important to address only one federal decision, Mitchell v. Random House, Inc., 703 F.Supp. 1250 (S.D.Miss.1988). In Mitchell, the defendants brought a motion to dismiss for failure to state a claim upon which relief may be granted. Id. at 1251. The plaintiffs' complaint brought a claim for defamation, among other claims, based on the publication of a book entitled Are You Lonesome Tonight?: The Untold Story of Elvis Presley's One True LoveAnd The Child He Never Knew. The book portrays a romantic relationship between Lucy de Barbin and Elvis Presley. Id. The plaintiffs argued that various statements contained in chapter one of the book were defamatory. Id. The federal court recognized:
Under Mississippi law, the trial court in a defamation case must make the threshold determination of whether the language in question is actionable. Brewer v. Memphis Publishing Co., 626 F.2d at 1245. In this regard, Mississippi recognizes the common law rule that
any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public *303 esteem or lower him in the confidence of the community is actionable per se.

Fulton v. Mississippi Publishers Corp., 498 So.2d 1215, 1217 (Miss.1986) (quoting Ferguson v. Watkins, 448 So.2d 271, 275 (Miss.1984)). Moreover, to state a claim for defamation, it is necessary that the defamation be "clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." Ferguson, 448 So.2d at 275.
Mitchell, 703 F.Supp. at 1256 (emphasis added).
¶ 32. We must recognize that the instant case deals not with "written or printed language" but instead deals with a spoken word on a radio program. The instant case differs from Mitchell, because the actionable words were not written in a book but were spoken over the radio. The transcript of the radio program was not available to the plaintiffs and a transcript was presented by the defendants in response to the motion for summary judgment.
¶ 33. The majority cites us to the following excerpt from Mitchell:
Dismissal of defamation suits for failure of the complaint to state a cause of action or to state a claim upon which relief may be granted occurs with relative frequency. One substantial factor is that the communication complained of is usually before the court at the outset; indeed in many jurisdictions it is required that complaints themselves set forth the allegedly defamatory statement. Thus, unlike most litigation, in a libel suit the central event-the communication about which suit has been brought-is usually before the judge at the pleading stage. He may assess it upon a motion to dismiss first hand and in context.
The trial court may therefore, at the earliest stages, make sound determinations as to issues relating to the communication of which complaint is made. Thus courts routinely consider on motions to dismiss issues such as whether the statement at bar is capable of bearing a defamatory meaning, whether it is "of and concerning" the plaintiff, whether it is protected opinion, whether there is jurisdiction over the defendant, and whether the suit is barred by privilege and frequently grant motions on these grounds and others.
R. Sack, Libel, Slander and Related Problems 533-34 (1980); see also Lenoir v. Tannehill, 660 F.Supp. 42, 44 (S.D.Miss.1986) (plaintiff in defamation action required under Mississippi statute to plead "words or matter" constituting alleged defamation); Miss Code Ann. § 11-7-53 (1972).
Mitchell, 703 F.Supp. at 1258 (emphasis added). Here, I am of the opinion that the majority misses the key point that the actionable words were not before the court from the outset because the slanderous words were spoken instead of written. I see a significant distinction.
¶ 34. In addition, the cite to Lenoir makes it appear that Mississippi law is settled that the defamatory or slanderous "words or matter" must be pled. If we look at Lenoir, the following is the exact language used:
Defendants/Counterplaintiffs are required under the statute to plead the "words or matter" constituting the alleged defamation. See Valley Dry Goods Co. v. Buford, 114 Miss. 414, 75 So. 252, 254 (1917) (pleader must allege the words or synonymous words which constitute the slander); cf. Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir.1979) (use of in haec verba *304 pleadings on defamation charges preferred in federal courts to facilitate responsive pleadings). The Defendants/Counterplaintiffs' allegations of defamation fall far short of this pleadings requisite.
Lenoir, 660 F.Supp. at 45. The proposition that the complaint must include "the actionable words spoken, when and where the words were published, by whom the words were published and the specific harm caused thereby" was also cited in Cooper v. Davidson, 172 Miss. 74, 157 So. 418 (1935) and McLean v. Warring, 13 So. 236 (Miss.1893). Therefore, the genesis of the legal proposition that the majority relies upon predates the adoption of Rules 8 and 9 of the Mississippi Rules of Civil Procedure.
¶ 35. The complaint here named twelve plaintiffs and two defendants. The complaint alleged that these plaintiffs sued the defendants for wrongful conduct committed "[o]n Tuesday, May 27, 2003, [when] the Defendants voluntarily appeared on a radio talk show program conducted by the WMOX/1010 A.M. radio station in Meridian, Mississippi. . . ." As a result of the remarks made on the May 27, 2003 radio broadcast, the plaintiffs alleged that the defendants: "slander[ed] the good name and reputation of each of the plaintiffs" (Count I); "intentionally . . . harm[ed] the said plaintiffs and were sufficiently outrageous as to cause emotional distress" (Count II); published "matters derogatory to plaintiffs' business interests to third parties constitut[ing] injurious falsehood or disparagement causing pecuniary loss" (Count III); and "acts and/or omissions . . . constitute such a departure from the accepted standard of behavior expected from and owed to the plaintiffs by the defendants as to evidence a willful, wanton, or reckless disregard for the welfare of others, . . . constituting gross negligence and justifying an award of punitive damages" (Count IV).
¶ 36. I am of the opinion that the plaintiffs' complaint was indeed sufficient to plead a claim for slander pursuant to the notice pleading requirement of Rules 8 and 9 of the Mississippi Rules of Civil Procedure. Therefore, I conclude that the trial court erred in granting a motion to dismiss. I would reverse and remand for further proceedings. Therefore, I respectfully dissent.
LEE, P.J., JOINS THIS OPINION. BARNES, J., JOINS THIS OPINION IN PART.
NOTES
[1] We note that in the case of Lawrence, the plaintiffs attached the entire article from which they alleged a portion libelous. After the court reviewed the allegedly slanderous statement, the defamation complaint was found to be deficient on its face for failure to state a claim for which relief could be granted.
[2] We note, however, that our supreme court has mentioned the issue which lies before us today in Holland v. Kennedy, 548 So.2d 982, 986 (Miss. 1989), albeit in a different context. In the opinion of Holland, the court discussed a pre-rules case, Valley Dry Goods Co. v. Buford, 114 Miss. 414, 427, 75 So. 252, 254 (1917), pointing out that a claim of libel and slander was sufficiently pled because the words or synonymous words constituting the slander appeared on the face of the complaint. The court recognized that in Valley Dry Goods, the pleading which identified the slanderous words satisfied both Rule 8 and the pre-notice pleading rules. Id. Other than noting the requirements under the pre-rules, though, the supreme court did not eliminate the requirement that a complaint must be well-pleaded.
[3] Within its order, the trial court cites the cases of PACCAR Financial Corp. v. Howard, 615 So.2d 583 (Miss. 1993) and Harold's Auto Parts, Inc. v. Mangialardi, 889 So.2d 493, 494 (Miss.2004). However, our review of this case law concludes that neither case is necessarily dispositive of the matter before us today. In PACCAR Financial Corp., the supreme court speaks in dicta regarding the procedural requirements of pleading the "circumstances, occurrences, and events which support the proffered claim." While pleading requirements are mentioned in the opinion, the language is employed in a different context and is not necessarily applicable to the issue before us. The same problem exists with the trial court's mention of the mass tort opinion of Harold's Auto Parts, Inc. In that case, the supreme court ordered severance of improperly joined plaintiffs, requiring each to provide in the pleadings the name of the defendant or defendants against whom each plaintiff made a claim and the time period and location of exposure. While we find that this case may lend some guidance to our situation today, we cannot extend the holding of Harold's Auto Parts, Inc. to provide the basis for the holding in the sub judice.