■ ALIANZA DOMINICANA, INC., Appellant, v FERMIN LUNA, Respondent. [645 NYS2d 28] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 11, 1995, dismissing the complaint, and bringing up for review the order, same court and Justice, entered April 26, 1995, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to compel discovery, unanimously reversed, on the law, with costs, defendant's motion to dismiss denied and plaintiff's complaint reinstated to the extent that it alleges defamation based on those of defendant's statements which accuse plaintiff's employees of committing sexual harassment and sexual abuse, and plaintiff's cross motion to compel defendant to comply with discovery granted. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This defamation action arises out of defendant Fermin Luna's cable television broadcasts on August 22, 1993 and September 30, 1993, in which he was extremely critical of plaintiff and its principals and during which he made statements which plaintiff claims are false and caused "irreparabl[e] injury [to its] business, good name and reputation in the Dominican-American community". Plaintiff is a publicly funded organization that provides services for the Dominican-American community in Washington Heights. Some of the services plaintiff provides include immigration assistance, job training and athletic activities. Defendant Luna is a current events broadcaster on cable television channels that serve the same community. The complaint identifies a series of derogatory remarks allegedly broadcast by Luna about plaintiff, including a statement that, "[W]e also hold information which we cannot confirm * * * that at Alianza Dominicana a young woman called Camilo was subjected to sexual harassment * * * This young woman had to leave her job at Alianza Dominicana because * * * she was being subjected to sexual harassment. And she had to quit her job * * * [T]he rumor in the streets say that three young ladies from Upper Manhattan who were attending a program for young ladies in Alianza Dominicana were sexually abused."

The IAS Court dismissed the plaintiff's complaint in its en-

tirety,* holding that the plaintiff had failed to make a satisfactory threshold showing of actionable defamatory statements.

As the Court of Appeals recently reiterated, "[d]istinguishing between assertions of fact and nonactionable expressions of opinion has often proved a difficult task" (*Brian v Richardson*, 87 NY2d 46, 51). "In our State the inquiry, which must be made by the court * * * entails an examination of the challenged statements with a view toward (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to ' "signal * * * readers or listeners that what is being read or heard is likely to be opinion, not fact" ' " (*Gross v New York Times Co.*, 82 NY2d 146, 153). In our view, when the plaintiff's claims arising out of defendant Luna's accusations of sexual harassment and sexual abuse are considered in light of these factors, they are susceptible of a defamatory meaning and would have been understood by a reasonable viewer to be "assertion[s] of provable fact" (*supra*, at 155). Thus, notwithstanding the cautionary language used by Luna, such as "they say" or "rumor in the streets say", these particular statements are actionable (*Gross v New York Times Co.*, 82 NY2d 146, 154-155, *supra*) and the plaintiff's defamation action should not be dismissed at this juncture.

The IAS Court's emphasis on the corporate nature of the plaintiff is misplaced as a corporation clearly has standing to commence a defamation action (*see, e.g., Immuno AG. v Moor-Jankowski*, 145 AD2d 114, *affd* 74 NY2d 548). Additionally, the IAS Court's determination that plaintiff has not shown any actual malice on the part of Luna is premature. Plaintiff has met the threshold test of establishing that the remarks concerning accusations of sexual harassment and abuse are actionable and after discovery has been completed, it will be the burden of plaintiff Alianza, which concedes that it is a "public figure", to prove that defendant Luna's remarks were false and that they were made with actual malice (*see, Immuno AG. v Moor-Jankowski, supra*, at 125-127). Nor does plaintiff's failure to plead special damages constitute a fatal flaw as "a statement may be found to be defamatory, even in the absence of

---

* To the extent that the IAS Court's decision refers to CPLR 3211 (a) (7), this appears to be an oversight, as the defendant's motion to dismiss was brought after the defendant had answered the complaint, and was clearly denominated a motion for summary judgment pursuant to CPLR 3212.

special damages, where 'it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace' [citation omitted]" (*Millus v Newsday, Inc.*, 224 AD2d 285, 287).

Finally, in light of the above, plaintiff's cross motion to compel defendant to respond to plaintiff's document request and to appear at a deposition should be granted. Concur—Murphy, P. J., Milonas, Williams, Tom and Mazzarelli, JJ.