MYERS, P.J., for the Court:
¶ 1. This case stems from a one-vehicle accident that occurred at approximately 11:43 p.m. on June 10, 2005. Tess Robison was a passenger in a vehicle driven by Gregory Knight. Knight was driving at a *2 high rate of speed when he lost control of the vehicle and allowed it to leave the highway. In the resulting accident, both Knight and Robison were thrown from the vehicle. Knight was killed, and Robison suffered severe injuries.
¶ 2. Robison and her parents, Brian and Lisa Robison, brought suit against Knight’s estate, his father, James Knight, and Enterprise Leasing Company — South Central, Inc. The Robisons alleged that they had suffered damages — Robison’s personal injuries and lost income of all three plaintiffs — as a result of Knight’s negligent operation of the vehicle. They also alleged that Knight’s father had negligently entrusted him- with the vehicle and that Enterprise had negligently rented the vehicle to James Knight, with the actual knowledge that the younger Knight would operate it. The claims against Knight’s estate and his father were subsequently resolved, and both of those defendants were dismissed from the suit.
¶ 3. Enterprise then filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. Enterprise attached as exhibits to the motion a police report describing the accident, a car rental contract between James Knight and Enterprise, and a title to the vehicle at issue. In their response, the Robisons included an affidavit from James Knight and excerpts from his deposition testimony. None of these exhibits are found in the pleadings. Enterprise’s motion was ultimately granted, and the Robisons, aggrieved by the judgment, now appeal. The sole issue on appeal is whether the trial court erred in granting Enterprise’s motion to dismiss.
DISCUSSION
1. Nature of the Motion
¶ 4. “A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the complaint[ ] and raises a question of law.” Favre Prop. Mgmt. v. Cinque Bambini, 863 So.2d 1037, 1042 (¶ 14) (Miss.Ct.App.2004). However, as we have said, various exhibits and other matters outside the record were submitted by the parties to the trial court. The trial court appeared to rely on some of the facts established through this evidence outside the pleadings, and its judgment recites that the trial court considered the parties’ respective motions detailed above and, consequently, matters outside the pleadings. Likewise, in their briefs on appeal, both parties have repeatedly cited to evidence appearing in the record but outside the pleadings. We therefore construe the motion at issue as one for summary judgment under Mississippi Rule of Civil Procedure 56. Davis v. City of Clarksdale, 18 So.3d 246, 248-49 (¶ 8) (Miss.2009) (citing Gulledge v. Shaw, 880 So.2d 288, 292 (¶¶ 7-9) (Miss.2004)).
¶ 5. The dissent argues that the supreme court’s decision in Davis, handed down on September 17, 2009, has been overruled or superseded by Sullivan v. Tullos, 19 So.3d 1271 (Miss.2009), which was handed down five weeks later. However, the holding of Sullivan — that the trial court must give ten days’ notice of its intent to convert a Rule 12(b)(6) motion to a motion for summary judgment under Rule 56 — has been the law in Mississippi since 1994. See id. at 1275 (¶ 15) (citing Palmer v. Biloxi Reg’l Med. Ctr., 649 So.2d 179, 183 (Miss.1994)). Likewise, the holding in Davis— that where the original motion is styled a 12(b)(6) motion but contains exhibits outside the pleadings and is treated by the parties and the court as a summary judgment motion, it should be reviewed as such on appeal — was not new; it has been the law in Mississippi since at least 2004. See *3 Rein v. Benchmark Const. Co., 865 So.2d 1134, 1142 (¶ 24) (Miss.2004). If the two cases necessarily present a conflict in their holdings, the supreme court has not noticed it.
¶ 6. The dissent may very well be correct in its concern that there is a potential conflict between the two holdings. Nonetheless, the facts of the instant case squarely align with Davis and allay any concern as to whether the Robisons had notice of the nature of the motion and an opportunity to respond; this is the heart of the ten-day notice requirement. Mississippi Rule of Civil Procedure 12(b) states in pertinent part that:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....
See also Sullivan, 19 So.3d at 1274-75 (¶ 15).
¶ 7. In Sullivan, the trial court converted a genuine 12(b)(6) motion to dismiss to a motion for summary judgment after minimal evidence outside the pleadings was offered during the hearing on the motion. Id. at 1273 (¶ 5). The supreme court held that the trial court erred in entering summary judgment without offering the plaintiffs a continuance to conduct discovery or an opportunity for another hearing on the newly converted summary judgment motion. Id. at 1275 (¶ 19).
¶ 8. Although couched as one under Rule 12(b)(6), Enterprise’s original motion contained exhibits outside the pleadings. The instant case, therefore, resembles Davis rather than Sullivan; in Davis, the “conversion” stemmed not from the trial court’s decision to convert the motion in response to evidence offered at the hearing, but from the original motion itself. See Davis, 18 So.3d at 248 (¶ 8). Moreover, notice of the nature of the motion and an opportunity to respond are not at issue in the instant case. The original motion was filed on March 3, 2008, and a response from the Robisons followed on March 14. Although styled a response to the motion to dismiss, it too, in substance, was a response to a summary judgment motion. The Robisons attached additional exhibits outside the pleadings — an affidavit and excerpts from a deposition — and they urged the court to find a question of fact for the jury. Enterprise’s response, filed on March 24, again urged the Court to consider matters outside the pleadings. A notice of hearing on the motions was filed on March 31, and the hearing was set for and held on July 1, 2008, three months after the notice of the hearing and'almost four months after exhibits outside the pleadings were offered with the initial motion. Two weeks after the hearing, the Robisons offered a supplemental response, purporting to enumerate undisputed facts and urging the trial court to find “genuine issues of material fact.” This is clearly addressed to a summary judgment motion; it does not resemble a response to a motion to dismiss for failure to state a claim under Rule 12(b)(6). The trial court did not rule on the motion until February 5, 2009, nearly a year after the original motion — with exhibits outside the pleadings— was filed.
¶ 9. On appeal, both parties have again treated this, in substance, as‘an appeal from a grant of summary judgment. The Robisons again cite to exhibits outside the pleadings, and they have never complained of error in treating this as a motion for summary judgment; the dissent would *4 raise this issue sua sponte. Moreover, the Robisons had an opportunity to and did conduct discovery, and the first motion with exhibits outside the pleadings was filed nearly four months before the hearing and almost a year before the judgment was entered.
¶ 10. Throughout the proceedings, the parties and the court have called this a motion to dismiss under Rule 12(b)(6), but they have treated it like a summary judgment motion. The Robisons had notice of the nature of the motion and an opportunity to respond. Rule 12(b)’s requirement of an opportunity to respond and Rule 56(c)’s requirement that a summary judgment motion be served ten days before the hearing have been more than satisfied in this case.
¶ 11. We review a trial court’s grant of summary judgment de novo. Treasure Bay Corp. v. Ricard, 967 So.2d 1235, 1238 (¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citation omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists,- and the nonmoving party must be given the benefit of doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005). “A fact is material if it tends to resolve any of the issues properly raised by the parties.” Moss v. Batesville Casket Co., Inc., 935 So.2d 393, 398 (¶ 16) (Miss.2006) (citation and internal quotations omitted).
2. Summary Judgment
¶ 12. The Robisons argue that the facts, taken in the light most favorable to their case, present the following scenario: Knight, who was eighteen years of age, had recently been involved in an automobile accident.[1] Knight went to Enterprise’s location in Tupelo, Mississippi, to rent a vehicle for his use while his personal automobile was repaired. Enterprise, however, refused to rent an automobile to Knight because he was under twenty-one years of age. Knight then telephoned his father, who traveled to the Enterprise location in Tupelo. Enterprise then allowed Knight’s father to rent the vehicle, with the full knowledge that Knight would operate it. Knight’s father also stated in his deposition that he told Enterprise Knight had “gotten a few tickets.” Knight then negligently operated the vehicle, causing the Robisons’ injuries.
¶ 13. The Robisons argue that a question of fact exists as to whether Enterprise negligently entrusted the vehicle to Knight’s father, knowing that Knight— who was under the age of twenty-one— would operate it.
¶ 14. Mississippi law defines negligent entrustment as follows:
One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, *5 is subject to liability for physical harm resulting to them.
Sligh v. First Nat’l Bank of Holmes County, 735 So.2d 963, 969 (¶32) (Miss.1999) (quoting Restatement (Second) - of Torts § 390).
¶ 15. Enterprise’s principal argument in response is that it is not liable because the rental contract, signed by Knight’s father, stated that “no other driver [was] permitted” to operate the rented vehicle.
¶ 16. The Robisons have essentially argued that Enterprise negligently entrusted the vehicle to Knight, knowing that he was eighteen years of age. The record does indicate that Enterprise had initially refused to rent the car to Knight because of his age, but setting the father’s role aside, the Robisons have failed to show that it would have been negligent to entrust the vehicle directly to Knight in the first place. We agree that negligence may be found in the entrusting of a vehicle to an individual with knowledge of his “youth” or “inexperience,” but the Robisons offer no authority suggesting that this extends to an eighteen-year-old in the operation of an automobile, based on his age alone. Nor have they shown that it could be found negligent to entrust an automobile to an eighteen-year-old who had recently been in an automobile accident and had previously received “a few tickets.”[2] The only authority the Robisons have offered in this respect states that it may be negligent to entrust an automobile to someone who is intoxicated, Dixie Drive It Yourself System Jackson Company v. Matthews, 212 Miss. 190, 203, 54 So.2d 263, 267 (1951), or to a sixteen-year-old with a reputation as a reckless driver who “habitually endangered the lives and property of travelers and pedestrians on the public road,” Anderson v. Daniel, 136 Miss. 456, 465-66, 101 So. 498, 499 (1924).
¶ 17. The proof of negligence offered in this case falls far short of a showing that Enterprise knew or should have known that Knight had a history of reckless driving or other dangerous behavior while operating an automobile. A claim of negligent entrustment cannot be sustained on Knight’s age — eighteen years — alone. We therefore find as a matter of law that no genuine issue of material fact exists as to Enterprise’s negligence, and we affirm the trial court’s grant of summary judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J., .CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. CARLTON, J„ NOT PARTICIPATING.

. Knight’s father suggested in his deposition that Knight was not at fault in the prior accident.

. An accident report, compiled by the Lee County Sheriff's Department, indicates that Knight was also driving with a suspended license. However, the Robisons do not argue, and nothing in the record suggests, that Enterprise knew or should have known of this at the time it rented the vehicle.