CARLTON, J.,
dissenting:
¶ 31. Because I would reverse and remand this case for a new trial due to an error in the trial court’s instructions to the jury, I respectfully dissent from the majority’s opinion.
¶ 32. The Hudsons argue that the trial court erred in instructing the jury and *438 framing their claims for relief based upon the three specific statements from WLOX’s broadcast dissected from their pre-suit notice letter instead of framing their claims for relief based on their civil complaint. As discussed below, I submit that this Court must follow Mississippi Supreme Court precedent as set forth in Brocato v. Mississippi Publishers Corporation, 503 So.2d 241, 243 (Miss.1987), and its requirement of pre-suit notice.[8] Interestingly, the record shows that the Hud-sons complied with this pre-suit notice requirement, and in response to a pretrial motion filed by WLOX, the trial court found the Hudsons’ pre-suit notice letter sufficient. Utilizing the substantial-compliance standard of review as articulated by the Mississippi Supreme Court in other cases addressing statutory pre-suit notice sufficiency, I concur with the trial court’s pretrial ruling and submit that the trial court properly determined that the Hud-sons provided WLOX with sufficient pre-suit notice as required by Mississippi Code Annotated section 95-1-5 (Rev.2004) when ruling on pretrial motions. See Price v. Clark, 21 So.3d 509, 520 (¶ 20) (Miss.2009) (discussing whether a notice-of-claim letter substantially complied with the statutory requirements of the Mississippi Tort Claims Act (MTCA)). The record reflects that, at trial, the trial court looked to the pre-suit notice letter instead of the civil complaint when framing the jury instructions and the Hudsons’ claims for relief.[9] I find merit to the Hudsons’ allegations that the trial court erred in granting Jury Instruction D-6(a)(1).
A. STATUTORY PRE-SUIT NOTICE
¶ 33. The Hudsons request that this Court overrule Brocato and its determination'that section 95-1-5 requires pre-suit notice as a condition precedent to filing suit.[10] The Hudsons’ request is unnecessary because the Hudsons sufficiently com *439 plied with the statutory pre-suit notice requirements of section 95-1-5.[11] As noted, when ruling on pretrial motions, the trial court found that the Hudsons indeed complied with the pre-suit statutory notice requirement, and I find no error in the trial court’s determination. I turn to review the trial court’s ruling on the sufficiency of the pre-suit notice letter.
¶ 34. In its order denying the motion for summary judgment filed by WLOX on this issue,[12] the trial court stated, in part, as follows:
On October 17, 2006, [pjlaintiffs filed a[c]omplaint alleging damages for defamation and malicious interference with business due to a story [djefendant aired on June 21, 2006. Prior to filing the [cjomplaint, [pjlaintiffs’ counsel sent [djefendant a letter dated August 30, 2006, which specified the defamatory remarks allegedly made by [djefendant. Defendant now moves for summary judgment and argues this letter does not comply with [Mississippi Code Annotated section] 95-1-5.
Under [section] 95-1-5, plaintiffs] must, at least ten days before instituting any civil action, serve notice in writing on ... defendant at its regular place of business, specifying the article, broadcast, or telecast, and the statements therein, which he alleges to be false and defamatory. Upon review, this [cjourt finds the letter of August 30, 2006[,J meets the requirements of [section] 95-1-5. Thus, [djefendant’s motion for summary judgment should be denied.
¶35. After reviewing the record and utilizing the standard of review applicable to statutory pre-suit notice set forth by Mississippi precedent, I find no error in the trial court’s determination that the Hudsons provided sufficient statutory notice in this case. Regarding sufficiency of statutory notice in the context of various statutes, the supreme court has stated:
Where a claimant does provide written notice, we have adhered to the principle that substantial compliance is the standard for analyzing the contents of the notice to determine its sufficiency. Sufficient information must be contained in the notice to permit the recipient to make a reasonable investigation of the claims being made.
Arceo v. Tolliver, 19 So.3d 67, 72 (¶ 17) (Miss.2009) (internal citations omitted).[13] In this case, the trial court explained in its findings that the Hudsons provided WLOX with sufficient written notice of their defamation claim, referencing the defamatory assertions, on August 30, 2006. The Hud-sons subsequently filed their complaint against WLOX on October 17, 2006 — easily satisfying the ten-day requirement. During oral argument, WLOX also admitted that no confusion existed as to which broadcast or complainant was at issue.
*440 B. JURY INSTRUCTION
¶ 36. Jury Instruction D-6(a)(l) framed the Hudsons’ claims for relief based on the pre-suit letter instead of the claims raised in their complaint. The trial court required the Hudsons to prove that WLOX expressly made three allegedly defamatory statements, or substantially similar statements, dissected from the Hudsons’ pre-suit notice letter, without allowing the jury to consider any other false statements in the broadcast. However, the Hudsons’ complaint asserted claims for relief for defamation “indicated” by WLOX’s broadcast. Civil complaints must comply with Rule 8 of the Mississippi Rules of Civil Procedure, and the factfinder must consider the statements in the context of the broadcast as a whole to determine whether the defamation occurred. See Journal Publ’g Co. v. McCullough, 743 So.2d 352, 360 (¶ 24) (Miss.1999).[14] However, Jury Instruction D — 6(a)(1) precluded the jury from considering the broadcast as a whole and in context. The Hudsons were entitled to have the jury properly instructed as to their claims for relief.[15]
¶ 37. Mississippi courts have held that sufficiency of a complaint is a question of law. I find that the Hudsons’ defamation action survived a pretrial motion for summary judgment and a motion for directed verdict at trial. See State v. Bayer Corp., 32 So.3d 496, 502-03 (¶ 21) (Miss.2010); Robison v. Enter. Leasing Co.—S. Cent. Inc., 57 So.3d 1, 2 (¶ 4) (Miss.Ct.App.2010).[16] The Mississippi Supreme Court has overruled pre-rules cases regarding sufficiency of claims for relief pled in the complaint. Bluewater Logistics, LLC v. Williford, 55 So.3d 148, 158 (¶ 37) (Miss.2011).[17] In Bluewater Logistics, the supreme court affirmed the notice-pleading standards of the Mississippi Rules of Civil Procedure. Id. at 157-58 (¶¶ 35-36).
¶ 38. Mississippi Rule of Civil Procedure 8 sets forth the general rules of pleading and only requires a “short and plain statement of the claim showing that the pleader is entitled to relieff.]” The appellate court must bear in mind “that the promulgation of Rule 8 was intended to lessen the pleading requirements so that a plaintiffs rights ‘are not lost by poor drafting sills of counsel.’ ” Chalk v. Bertholf, 980 So.2d 290, 296 (¶ 13) (Miss. *441 Ct.App.2007) (quoting M.R.C.P. 8 cmt.). “Rule 8 abolishes many technical requirements of pleadings[; however,] it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim.” Id. (citation omitted).
¶ 89. In Chalk, this Court addressed the issue of whether a party’s complaint alleging defamation pleaded sufficient detail pursuant to Rule 8. Id. at 296-97 (¶ 14). The Chalk court, relying upon federal guidance, stated:
Mississippi federal courts have examined our state law and ruled on the matter of pleading requirements in a suit for defamation on several occasions. Quite consistently, these courts have found that Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements.
Id. at 297 (¶ 14). The Chalk court further provided that defamation complaints should set forth the following information: the statements made, paraphrased or verbatim; to whom the statements were directed; by whom the statements were made; and how the statements were slanderous. Id. at 298 (¶ 18). Clearly, neither Rule 8 nor pre-rule precedent have ever required defamation to be pleaded verbatim or restricted a jury’s consideration of the context of a broadcast.[18]
¶ 40. In framing the jury instructions, the trial court looked to the statements identified in the Hudsons’ pre-suit letter instead of their complaint, and the court instructed the jury not to consider whether any other statements in the broadcast were false and defamatory. Jury Instruction D-6(a)(1) thus prohibited the jury’s consideration of context and the broadcast as a whole. See McCullough, 743 So.2d at 860 (¶ 24). Therefore, the trial court erred by improperly limiting the jury’s consideration.
¶ 41. Furthermore, the Mississippi Supreme Court also has recognized that “the overall tone or structure of a story may so distort the truth as to make the underlying implication of the story false, even where no material omissions are involved.” Id. at (¶ 27) (citation omitted); see also Church of Scientology of Calif. v. Flynn, 744 F.2d 694, 696 (9th Cir.1984) (“It is well settled that the ‘arrangement and phrasing of apparently non[-]libelous statements’ cannot hide the existence of a defamatory meaning. Indeed, the meaning of a statement is often dependent upon its context.” (Internal citation omitted)); Eselin-Bullock & Assocs. Ins. Agency, Inc. v. Nat’l Gen. Ins. Co., 604 So.2d 236, 241 (Miss.1992) (question of what is or is not implied by allegedly defamatory statements is a question of fact for jury); Hudson v. Palmer, 977 So.2d 369, 385 (¶47) (Miss.Ct.App.2007) (“[T]he relevant inquiry is whether the statement could be reasonably understood as declaring or implying a provable assertion of fact.”).[19]
*442 1142. The pertinent parts of the Hud-sons’ complaint provide as follows:
4. In late May 2006, a false complaint was made to the [defendant from an unreliable source!;] complaint was made maliciously, because the source for the story (Mr. Wayne Fairley) was simply making the complaint because he had declined to pay a bill. Mr. Fairley had become involved in a contract dispute with [plaintiffs, when Mr. Fairley had terminated [plaintiffs’ construction contract and himself dealt directly with subcontractors working under [plaintiffs.
5. Prior to running the story, the [defendant’s agent, A.J. Guardinia, [sic] personally spoke with Gerald Heath Hudson and was told that the story that he was about to run was false. Nevertheless, the [defendant proceeded to run the story, because it wished to run a sensational story regarding improper contract work, so as to attract viewers. The [defendant was willfully indifferent to the [p]laintiff Gerald Heath Hudson’s attempt to correct the story.
6. Thereafter, through gross negligence and without making an appropriate investigation, the [defendant, on June 21, 2006, telecast a story, indicating that [p ]laintijfs were not licensed contractors, that [p ]lain-tiffs had been sued for defective work [,] and that [p]laintijfs had never been licensed contractors in Mississippi
7. Plaintiffs have given the ten[-]day notice required by Mississippi Code Annotated [section] 95-1-5 and this notice is attached as Exhibit “1.”
(Emphasis added).[20]
¶ 43. The Hudsons alleged in their complaint that WLOX’s broadcast “implied” the defamatory assertions of fact with gross negligence and willful indifference so as to attract viewers. “Parties have the right to ‘embody their theories of the case in the jury instructions provided there is testimony to support it.’” APAC Miss., Inc. v. Johnson, 15 So.3d 465, 476 (¶ 26) (Miss.Ct.App.2009) (quoting Reese v. Summers, 792 So.2d 992, 994 (¶ 4) (Miss.2001)). Also, the plaintiff is entitled to have the jury properly instructed on the law. See Simmons v. Strickland, 76 So.3d 178, 182 (¶ 21) (Miss.Ct.App.2011).
¶ 44. Keeping this standard of review in mind, I submit that the trial court erred by granting Jury Instruction D-6(a)(1), resulting in an improperly instructed jury. Jury Instruction D-6(a)(1) provides as follows:
The [c]ourt instructs the jury that the [p]laintiffs, in order to recover against the [defendant, WLOX, must prove by a preponderance of the evidence that the language complained [of], as published by WLOX[,] was false and defamatory.
The [c]ourt further instructs the jury that if the [plaintiffs fail to prove by a preponderance of the evidence that the following statements allegedly broad-casted by WLOX were both false and defamatory, then it is your sworn duty as jurors to return your verdict in favor of the [defendant, WLOX:
“were not licensed contractors”;
*443 “they had been sued for defective work by Mr. Wayne Fairley”; or
“they had never been licensed contractors in Mississippi[.”]
In reaching your verdict, you are not to consider whether any other words or language [p plaintiffs claim WLOX broadcasted were false and defamatory.
(Emphasis added). While WLOX correctly argues that defamation must be clear and not from speculation or conjecture,[21] the jury instructions given by the trial court in this ease erroneously precluded the jury’s consideration of the statements in the context of the broadcast as a whole. The law does not limit defamation to only expressly stated assertions of fact but instead recognizes that defamatory facts may be implied assertions of fact.[22] See McCullough, 743 So.2d at 360 (¶ 24); Ward v. Zelikovsky, 136 N.J. 516, 643 A.2d 972, 981 (1994); Alianza Dominicana, Inc. v. Luna, 229 A.D.2d 328, 645 N.Y.S.2d 28, 30 (N.Y.App.Div.1996) (courts must consider the full context of communication in which the statement appears including surrounding circumstances that signal readers or listeners that what is being read or heard is likely opinion, not fact); New Times, Inc. v. Isaacks, 146 S.W.3d 144, 158 (Tex.2004).
¶ 45. Based on the foregoing, I would reverse and remand this case for a new trial.
IRVING, P.J., AND RUSSELL, J., JOIN THIS OPINION.

. “This Court, sitting as an intermediate appellate court, is bound by established precedent as set out by the Mississippi Supreme Court and we do not have the authority to overrule the decisions of that court.” Bevis v. Linkous Constr. Co., 856 So.2d 535, 541 (¶ 18) (Miss.Ct.App.2003) (citation omitted).

. The record shows that various judges presided over this case during the pretrial and trial phases: Judge Jerry O. Terry presided over the pretrial motion for summary judgment as to the sufficiency of the pre-suit notice, and Judge John C. Gargiulo presided over the trial.

. Pre-suit notice in a defamation case is clearly required by section 95-1-5, which provides, in pertinent part, as follows:
(1) Before any civil action is brought for publication, in a newspaper domiciled and published in this state or authorized to do business in Mississippi so as to be subject to the jurisdiction of the courts of this state, of a libel, or against any radio or television station domiciled in this state, the plaintiff shall, at least ten (10) days before instituting any such action, serve notice in writing on the defendant at its regular place of business, specifying the article, broadcast or telecast, and the statements therein, which he alleges to be false and defamatory-
(2) If it appears upon the trial that said article was published, broadcast or telecast in good faith, that its falsity was due to an honest mistake of the facts, and there were reasonable grounds for believing that the statements in said article, broadcast or telecast were true, and that within ten (10) days after the service of said notice a full and fair correction, apology and retraction was published in the same edition or corresponding issues of the newspaper in which said article appeared, and in as conspicuous place and type as was said original article, or was broadcast or telecast under like conditions correcting an honest mistake, and if the jury shall so find, the plaintiff in such case shall recover only actual damages. The burden of proof of the foregoing facts shall be affirmative defenses of the defendant and pled as such.

. See Price, 21 So.3d at 520 (1120) (finding that the law requires substantial compliance, not strict compliance, with statutory notice requirements).

. WLOX filed several pretrial motions for summary judgment, all of which were denied by the trial court.

. As recognized in Arceo, the Mississippi Supreme Court has repeatedly applied the same standards for evaluating statutory notice to the Medical Malpractice Tort Reform Act and the MTCA. Arceo, 19 So.3d at 71-72 (¶¶ 16-17). See also Price, 21 So.3d at 520 (¶ 20) (finding that substantial compliance, not strict compliance, is the applicable standard for addressing whether the contents of a notice-of-claim letter complied with the MTCA); Lee v. Mem'l Hosp. at Gulfport, 999 So.2d 1263, 1266-67 (¶¶ 9-13) (Miss.2008) (finding statutory notice required under the MTCA as to delivery of notice and contents of notice, while not a question of fact, but one of law, is a fact-sensitive question).

.In order to establish a defamation claim, an ordinary plaintiff is required to show the following: (1) “a false and defamatory statement concerning the plaintiff”; (2) "an unprivileged publication to a third party”; (3) "fault amounting at least to negligence on the part of the publisher”; and (4) "either action-ability of the statement irrespective of special harm or the existence of special harm caused by the publication.” McCullough, 743 So.2d at 359(¶ 22). "This Court has described a defamatory statement as 'any written or printed language which tends to injure one’s reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community.’ ” Id. at 360 (¶ 24) (quoting Fulton v. Miss. Publishers Corp., 498 So.2d 1215, 1217 (Miss.1986)). "The words employed must have clearly been directed toward the plaintiff, and the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture.” Id. (citation omitted). Additionally, the headline or portions of the story "must be considered together and construed as a whole.” Id.

. See APAC Miss., Inc. v. Johnson, 15 So.3d 465, 476 (¶ 26) (Miss.Ct.App.2009).

. The record reflects no pretrial motions by WLOX to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

. See generally Long v. McKinney, 897 So.2d 160 (Miss.2004) (acknowledging Mississippi Supreme Court’s authority to promulgate procedural rules applicable in civil cases in state courts and stating that sufficiency of a complaint constitutes a question of law).

. See TracFone Wireless, Inc. v. Carson, No. 3:07-CV-1761-G, 2008 WL 4107584, at *9 (N.D.Tex. August 28, 2008) ("Although federal courts do not require parties to ‘set forth allegedly defamatory statements en haec ver-bis,' such allegations must 'afford the other party sufficient notice of the communications complained of to enable him to defend himself.' ”).

. See also Roussel v. Robbins, 688 So.2d 714, 723 (Miss.1996); Joyner v. Wear, 665 So.2d 634, 638 (La.Ct.App.1995) (The question of whether communication is defamatory is answered by determining whether "a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense.”). See also 50 Am.Jur.2d Libel & Slander § 107 (2006); Restatement (Second) of Torts § 566 (1977).

. In its answer to paragraph five of the Hud-sons' complaint, WLOX admitted that Giardi-na and Heath spoke with each other, but WLOX denied the other allegations regarding the conversation. WLOX also admitted in its answer to paragraph six of the Hudsons' complaint that it telecast a news story on or about June 21, 2006, but WLOX denied the remainder of the allegations in paragraph six.

. See Chalk, 980 So.2d at 296 (¶ 12); Hayne v. The Innocence Project, No. 3:09-CV-218-KS-LRA, 2011 WL 198128, at *9 (S.D.Miss. Jan. 20, 2011); Perry v. Sears, Roebuck, and Co., No. 1:09CV260-SA-JAD, 2010 WL 1427334, at *2 (N.D.Miss. April 8, 2010).

. See Hudson, 977 So.2d at 385 (¶ 47).